IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIMBERLY LARSON                                                                    PLAINTIFF

v.                              CIVIL NO. 11-4013

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kimberly Larson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g). Plaintiff moves to supplement the record with additional medical evidence and to have her case remanded to the Commissioner for consideration of this evidence. (Doc. 8).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on August 29, 2007, alleging an inability to work since August 21, 2007, due to seizures, diabetes, high blood pressure, a thyroid problem, diverticulitis, bipolar disorder and degenerative disc disease. (Tr. 108, 112, 145). An administrative hearing was held on January 28, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 19-61).

**AO72A**
**(Rev. 8/82)**

By written decision dated February 27, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 17). Specifically, the ALJ found Plaintiff had the following severe impairments: a seizure disorder, diabetes mellitus, hypertension, a thyroid disorder, and bipolar disorder. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift or carry 20 pounds occasionally and 10 pounds frequently, stand or walk for 6 hours in an 8 hour day, and sit for 6 hours in an 8 hour day with normal breaks. The claimant is unable to work at dangerous unprotected heights or around dangerous equipment. The claimant is also limited to simple, non-complex, non-detailed instructions and tasks, and she is unable to work in high stress or fast paced work environments. The claimant is also unable [to] work in customer service work environments that require frequent interaction with people.

(Tr. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a domestic laundry worker. (Tr. 17-18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on January 14, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12,13).

**II.     Evidence Presented:**

The medical evidence Plaintiff moves to supplement the record with is a neuropsychological assessment completed by Rafael F. Otero, Ph.D on April 14, 2009. (Doc. 8, Exhibit 1). Upon evaluation, Dr. Otero noted that Plaintiff's thought process was logical and

-2-

coherent, but Plaintiff did not show adequate ability for abstract reasoning, thus Dr. Otero opined that Plaintiff's thinking was quite concrete with only the ability for simple problem solving strategies. Dr. Otero noted that Plaintiff's memory function seemed "dysfunctional." Plaintiff's concentration was noted as functional, as was her social judgment. Plaintiff was noted as shy, withdrawn and distant. Dr. Otero noted that Plaintiff's overall demeanor and presentation of symptoms suggested personality traits consistent with a dependent personality disorder. After reviewing test results, Dr. Otero noted that Plaintiff was functioning significantly below her grade level when compared to her IQ and developmental state. Based upon all of Plaintiff's test scores, Dr. Otero opined Plaintiff had poor to no ability to complete a normal day without interruptions of psychological/mental symptoms; to perform at a consistent pace with an accepted number and length of rest periods; and to deal with acceptable work stress. Dr. Otero opined Plaintiff had slight limitations in activities of daily living; marked limitations in social functioning; marked limitations in attention/concentration/pace to complete a task; and moderate limitations with episodes of deterioration. Dr. Otero diagnosed Plaintiff with bipolar disorder, with psychotic feature, and a dependent personality. Plaintiff was assessed with a GAF score of 35. Dr. Otero opined that Plaintiff was honest in responding to questions. Dr. Otero's prognosis stated:

> Based on the current evidence obtained during the examination, this claimant's ability to reason, make occupational, personal, and social adjustments fall in the below average range. This level of functioning is not expected to be any better with therapeutic (sic) or medication.

(Doc. 8, Ex. 1, p. 13). Dr. Otero had the following additional comments:

> During the interview, Ms. Larson initially felt that she is unable to work because of an untreated seizure disorder. Later on she reported the amount of psychotropic medication that she is on. She is on high doses on (sic) antipsychotic medication including Abilify and Geodon. Although her Bipolar symptoms are controlled

with medication, she is still having mood swings. Results on the neuropsychological evaluation also indicate that she is globally impaired in the areas of memory, attention, poor ability to problem solve and rigidity of thought.

(Doc. 8, Ex. 1., p. 13).

### III.   Discussion:

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); Woolf v. Shalala, 3 F.3d 1210 (8th Cir. 1993); Chandler v. Secretary of Health and Human Servs., 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." Woolf, 3 F.3d at 1215.

The evidence used as basis for remand did not exist on February 27, 2009, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse Plaintiff's failure to include these records in the administrative proceedings.[1] Goad v. Shalala, 7 F.3d 1397, 1398 (8th Cir. 1993).

Next, the Court considers the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." Thomas v. Sullivan, 928 F.2d 255, 260 (8th Cir. 1991)(quoting Williams v. Sullivan,

---

[1] In Plaintiff's motion, it appears that Plaintiff's counsel sent the report to the Appeals Council; however, there is no evidence in the transcript to show that the Appeals Council received or reviewed this medical evidence. (Doc. 8, Ex. 1, p. 2).

905 F.2d 214, 216 (8th Cir. 1990)); Basinger v. Heckler, 725 F.2d 1166, 1169 (8th Cir.1984) ("medical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status").

The medical evidence of record revealed that Plaintiff had a long history of treatment for bipolar disorder, as well as treatment for a seizure disorder. In looking at this additional medical evidence, the Court notes that Dr. Otero's evaluation and opinion appeared to be based on his evaluation of Plaintiff, as well as Plaintiff's test score results, which revealed Plaintiff had significant limitations with memory and attention. When the ALJ addressed Plaintiff's mental limitations in his decision, he relied upon the evaluation of Dr. Feir, who opined that Plaintiff's estimated IQ was eighty or greater; that Plaintiff was not honest in providing information; and that Plaintiff exaggerated her symptoms.[2] Dr. Feir also opined that Plaintiff had no Axis I or II disorders.[3] In reviewing Dr. Feir's evaluation notes, there is no indication that Plaintiff underwent any formal testing. After reviewing the entire record, the Court finds that remand is appropriate for consideration of the additional medical evidence as it appears to indicate that Plaintiff's mental impairments impose limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. See Geigle v. Sullivan, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

---

[2] The Court notes that at the January 28, 2009 administrative hearing before the ALJ, Plaintiff testified that she never saw Dr. Feir. (Tr. 39). A review of the transcript appears to indicate that Dawn Koons, M.S., Licensed Professional Counselor, performed the evaluation and that Dr. Betty J. Feir, Ph.D. signed off on the report. (Tr. 664-665).

[3] The Court notes that Axis I disorders consist of clinical disorders and other conditions that may be a focus of clinical attention; and Axis II disorders cover personality disorders and mental retardation. Diagnostic and Statistical Manual of Mental Disorders 36 (4th ed. text rev. 2000).

**IV. Conclusion:**

Based on the foregoing, the Court remands this case to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g).

DATED this 29th day of February 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**