IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KIMBERLY LARSON                                                                   PLAINTIFF

v.                                    CIVIL NO. 11-4013

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                                    DEFENDANT

**O R D E R**

Plaintiff, Kimberly Larson, appealed the Commissioner's denial of benefits to this Court. On February 29, 2012, the Court remanded Plaintiff's case to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings. (Doc. 15). Following the remand, the ALJ issued a favorable decision on September 26, 2012, finding Plaintiff entitled to benefits. (Doc. 16, Attachment 1). Plaintiff now moves for an award of $3,283.50 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), requesting compensation for 19.90[2] hours of work before the court at an hourly rate of $180.00 for work performed in 2011, 2012, and 2013. (Doc. 18). Defendant filed a response to Plaintiff's application, objecting to the hourly rate requested. (Doc. 19).

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the Defendant in this suit.

[2] As pointed out by Defendant, the itemization of time adds up to 18.10 hours and not 19.90 as calculated by Plaintiff's counsel. Plaintiff's counsel is cautioned to check all calculations prior to submitting a petition to the Court.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). Under Shalala v. Schaefer, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. Pierce v. Underwood, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. Clements v. Astrue, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); see also Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work."  Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA for 18.10 hours for work performed in 2011, 2012, and 2013, at hourly rate of $180.00.  Defendant argues that the hourly rate for 2011 should be $179.31, and the hourly rate for 2012 should be $180.44.  Defendant does not mention the work performed in 2013.

The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Hensley, 461 U.S. at 437.  Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A)

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  McNulty v. Sullivan, 886 F.2d 1074 (8th Cir. 1989).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).  Plaintiff's counsel submitted a CPI in support of his requested hourly rate.

-3-

Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit.[3]

In Sanders v. Astrue, 2012 WL 19422 (W.D.Ark. Jan. 3, 2012) and 2011 WL 6937591 (W.D.Ark. October 31, 2011), this Court decided to follow the approach set forth in Knudsen v. Barnhart, 360 F.Supp. 2d 963, 969-974 (N.D. Iowa 2004), when determining how to compute an attorney's fee award. In Knudsen, the Court found that "[A] reasonable balance between accuracy and ease of computation would be to require attorneys to adjust fees using the CPI available and applicable to the year when services are performed." Id. at 974. The Knudsen Court felt that this approach would strike a balance between "accuracy and what the court believes would potentially turn into a calculation nightmare." Id. The Court finds that an hourly rate of $174.00 for work done in 2011, and $180.00 for work done in 2012 and 2013, reflecting an increase in the cost of living, is appropriate in this instance. See Johnson, 919 F.2d at 505.

The Court next addresses the number of hours Plaintiff's counsel claims he spent working on this case. The Court has reviewed the itemized statement, and finds the amount of 14.60 for work performed in 2011, at an hourly rate of $174.00; and 3.50 hours for work performed in 2012 and 2013, at an hourly rate of $180.00, is reasonable.

In her response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

---

[3] Per General Order 39, the allowable rate for each year is a follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2011 - 212.488 x 125 divided by 152.4 (March 1996 CPI-South) = $174.28/hour - $174.00.
2012 - 219.469 x 125 divided by 152.4 (March 1996 CPI-South) = $180.01/hour - $180.00.
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI-South) = 182.99/hour - $183.00.

Based upon the foregoing, the Court finds that Plaintiff's counsel should be awarded an attorney's fee under the EAJA for: 14.60 attorney hours for work performed in 2011, at hourly rate of $174.00; and 3.50 attorney hours for work performed in 2012 and 2013, at hourly rate of $180.00 for a total attorney's fee award of $3,170.40. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

IT IS SO ORDERED this 20th day of March, 2013.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)